# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2008

Charles R. Fulbruge III
Clerk

No. 07-60931
Summary Calendar

IRFAN ALIJI BHAI KAROVALIYA; WAHIDA IRFAN KAROVALIYA

Petitioners

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A95 607 004
BIA No. A97 545 983

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Irfan Aliji Bhai Karovaliya and Wahida Irfan Karovaliya, natives and citizens of India, have filed a petition for review of the Board of Immigration Appeals' (BIA) order denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture Act (CAT).

On a petition for review of a BIA decision, this court reviews the factual findings to determine if they are supported by substantial evidence.  Silwany-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez v. INS, 975 F.2d 1157, 1160 (5th Cir. 1992). Under the substantial evidence standard, this court will affirm the BIA's decision unless the evidence compels a contrary conclusion. Id. "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006).

The evidence does not compel a conclusion that petitioners suffered past persecution due to their race, religion, nationality, membership in a particular social group, or political opinion or that it is more likely than not that they will suffer such persecution if they are returned to India. See 8 C.F.R. § 208.16(b)(2)(i), (ii); Mikhael v. INS, 115 F.3d 299, 304 & n.4 (5th Cir. 1997). Further, petitioners cannot meet the more demanding standard for withholding of removal given that they cannot satisfy the standard for asylum. See Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994). As to relief under the CAT, petitioners failed to challenge the BIA's conclusion that they were not eligible for relief under the CAT in their brief. Accordingly, the issue is waived. Zhu v. Gonzales, 493 588, 593 n. 10 (5th Cir. 2007). The petition for review is therefore DENIED.